PATRICK TOBIN, PLAINTIFF-RESPONDENT, v. HARRY M. VOGEL, DEFENDANT-APPELLANT.

Submitted January 30, 1931—Decided June 19, 1931.

Before Justices CASE, DALY and DONGES.

For the appellant, *E. A. & W. A. Schilling.*

For the respondent, *William J. McCormack.*

PER CURIAM.

This is an appeal from the Orange District Court in a replevin suit in which the plaintiff seeks to recover possession of four horses and damages for the unlawful detention. The writ was served and no bond was given by the plaintiff and possession of the property was not demanded. The case was litigated, the defendant filing a counter-claim, and on the trial the judge, sitting without a jury, gave the plaintiff judgment in the amount of $222.50. Objection is made that there was no evidence to support the judgment of the District Court. A reading of the state of case would seem to support the defendant's claim that the plaintiff had delivered the horses to defendant and had given him a written statement to that effect, marked *Exhibit D*-1. However, there is testimony that might support the finding of the judge and therefore it cannot be disturbed on that ground.

A more serious objection is that the judge gave a money judgment instead of a judgment for possession, and this seems to be sustained by the state of the case. Under the statute, where the property is not delivered and there is no

counter-claim by the defendant and posting of a bond to retain possession, the practice would appear to be to give judgment for possession and not for the value of the property. See section 143 of the District Court act. Section 127 of the District Court act provides that where the defendant claims and gives bond and retains possession, the value of the property shall be ascertained, as is the case under section 10 of the Replevin act.

We conclude, therefore, that the judgment is improperly entered and should be reversed.